**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

KIMBERLY THOMAS,
                                        Plaintiff,

v.

ST. AUGUSTINE HIGH SCHOOL, INC., NEW
ORLEANS, LOUISIANA, and MR. OYD
CRADDOCK

                                        Defendants.

CIVIL ACTION NO. _____

JURY TRIAL DEMANDED

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Kimberly Thomas brings this action against Defendants and respectfully alleges as follows:

**INTRODUCTION**

1.      This lawsuit seeks monetary relief and other damages from Defendants for their violations of the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 as amended (hereinafter "Title VII"), the Louisiana Employment Discrimination Law ("LEDL"), and the Family Medical Leave Act ("FMLA").  Defendants discriminated against Plaintiff on the basis of her gender (female) and disability, and retaliated against her for complaining about the unlawful discrimination and for requesting/taking protecting leave under the FMLA.

**THE PARTIES**

2.      Plaintiff Kimberly Thomas is an individual residing in Orleans Parish, Louisiana. Plaintiff was formerly employed with St. Augustine in the position of Director of Institutional Advancement until her employment was terminated on or about March 23, 2015.

1

3.      Defendant St. Augustine High School, Inc., New Orleans, Louisiana. ("St. Augustine") is a Louisiana corporation and may be served through its registered agent for service of process: **Terrance Taylor, 2600 A.P. Tureaud Ave., New Orleans, LA 70119.**  St. Augustine is an "employer" within the meaning of Title VII, the ADA, the FMLA, and the LEDL.

4.      Defendant Mr. Oyd Craddock is the former President and Chief Executive Officer of St. Augustine and, upon information and belief, is a resident of Orleans Parish.  Mr. Craddock is an "employer" within the meaning of Title VII, the ADA, the FMLA, and the LEDL.

## JURISDICTION AND VENUE

5.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper pursuant to 42 U.S.C. § 12112 as one or more of the alleged unlawful employment practices occurred in the State where this District is located.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.      On or about July 31, 2015, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission.  All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

8.      In or around September 2014, Plaintiff began working for St. Augustine as its Director of Institutional Advancement.  After Plaintiff's hire, Defendants set her compensation at a level substantially less than that of her predecessor, who was a male alumni/employee.

2

9.      In her initial interview, Defendants warned Plaintiff that it would be difficult for a female to obtain respect from St. Augustine's male-dominated workforce.

10.     Notwithstanding this warning, Plaintiff was eager to start her new position and promised to give 110% to her job.

11.     Plaintiff fulfilled her end of the bargain, frequently working 60-hour weeks (or more) in an attempt to implement the appropriate policies and procedures that would improve St. Augustine's fundraising efforts.

12.     Unfortunately, Plaintiff was required to work in a hostile work environment in which Mr. Craddock would verbally abuse her and criticize her based on her gender and discuss Plaintiff's personal information with individuals who were not employed with St. Augustine.

13.     Furthermore, Mr. Craddock attempted to blame his own shortcomings on Plaintiff and frequently interfered with her efforts to supervise employees and perform her job duties.

14.     As a result of the harassment and her demanding work schedule, Plaintiff experienced severe stress which manifested itself in the form of bleeding spells and ruptures of her ovaries.

15.     On March 19, 2015, Ms. Thomas informed the St. Augustine leadership that she had potentially cancerous cysts on her ovaries which would require her to have immediate surgery and take protected leave under the FMLA.

16.     Moreover, Plaintiff's health condition also constituted a disability under the ADA and therefore Defendants were required to provide a reasonable accommodation to her (which would include, *inter alia*, a leave of absence or intermittent leave from work).

17.     Unfortunately, Defendants did not comply with their obligations under the ADA and FMLA and instead abruptly terminated Plaintiff's employment on March 23, 2015 – less than two business days after she informed Defendants of her medical condition.

18.     On numerous occasions, Plaintiff complained to St. Augustine's Human Resources Department regarding Defendants' treatment of her.  Defendants' conduct, however, continued unabated.

19.     Defendants terminated Plaintiff's employment on or about March 23, 2015, without reason or justification, because of her gender, disability, and request for FMLA leave, and in retaliation for her complaints about Defendants' unlawful discrimination.

20.     Defendants' actions have been willful and in reckless disregard for the rights of Plaintiff.

## FIRST CAUSE OF ACTION
### (Gender Discrimination/Harassment – Title VII)

21.     Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth.

22.     Defendants have intentionally discriminated against Plaintiff on the basis of her gender.

23.     Defendants created, tolerated, and condoned conduct that was severe or pervasive directed towards Plaintiff on account of her gender.

24.     Plaintiff requests that she be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices of the Defendants complained of herein are in violations of the laws of the United States, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein,

reinstatement or front pay in lieu thereof, compensatory and punitive damages, attorney's fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

## SECOND CAUSE OF ACTION
### (Gender Discrimination/Harassment – LEDL)

25.    Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth.

26.    Defendants have intentionally discriminated against Plaintiff on the basis of her gender.

27.    Defendants created, tolerated, and condoned conduct that was severe or pervasive directed towards Plaintiff on account of her gender.

28.    Plaintiff requests that she be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices of the Defendants complained of herein are in violations of the laws of Louisiana, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, reinstatement or front pay in lieu thereof, compensatory and punitive damages, attorneys fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

## THIRD CAUSE OF ACTION
### (Retaliation – Title VII)

29.    Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth.

30.    Plaintiff has been retaliated against in response to her participation in proceedings under Title VII as well as to her opposition of Defendants' practices, which violate Title VII.

31.    Defendants engaged in conduct materially adverse to a reasonable employee as heretofore alleged.

32.     Plaintiff requests that that she be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices of the Defendants complained of herein are in violations of the laws of the United States, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful retaliation complained of herein, reinstatement or front pay in lieu thereof, compensatory and punitive damages, attorneys fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

## FOURTH CAUSE OF ACTION
### (Retaliation – LEDL)

33.     Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth.

34.     Plaintiff has been retaliated against in response to her participation in proceedings under the Louisiana Employment Discrimination Law as well as to her opposition of Defendants' practices, which violate the Louisiana Employment Discrimination Law.

35.     Defendants engaged in conduct materially adverse to a reasonable employee as heretofore alleged.

36.     Plaintiff requests that she be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices of the Defendants complained of herein are in violations of the laws of Louisiana, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful retaliation complained of herein, reinstatement or front pay in lieu thereof, compensatory and punitive damages, attorneys fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

## FIFTH CAUSE OF ACTION
### (Interference with Rights – FMLA)

37.    Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth.

38.    Defendants' actions constitute unlawful interference, restraint and/or denial of the Plaintiff's rights under the FMLA.

39.    Plaintiff has been damaged as a result of Defendants' unlawful interference with her FMLA rights.

40.    Plaintiff requests that she be awarded all available relief including, but not limited to, an award of lost wages and employment benefits, liquidated damages, equitable relief as the Court may deem appropriate, and all other and further relief as to the Court appears necessary and proper, including, but not limited to, the costs of this action, attorney fees, and pre-judgment interest.

## SIXTH CAUSE OF ACTION
### (Retaliation/Discrimination– FMLA)

41.    Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth.

42.    Defendants retaliated against Plaintiff for taking/requesting FMLA-protected leave.

43.    Defendants' actions constitute retaliation and/or discrimination under the FMLA.

44.    Plaintiff has incurred actual and consequential damages as a result of Defendants' unlawful retaliation.

45.    Plaintiff requests that she be granted all available relief including, but not limited to, an award of lost wages and employment benefits, liquidated damages, equitable relief as the

Court may deem appropriate, and all other and further relief as to the Court appears necessary and proper, including, but not limited to, the costs of this action, attorney fees, and pre-judgment interest.

## SEVENTH CAUSE OF ACTION
(Violations of the ADA – Disability Discrimination/Failure to Accommodate)

46.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

47.     Plaintiff's medical conditions constituted a disability under the ADA, as amended.

48.     Plaintiff was able to perform the essential functions of her position with or without a reasonable accommodation.

49.     Defendants refused to permit Plaintiff to perform the essential functions of her positions and specifically refused to provide an accommodation.

50.     Defendants discriminated against Plaintiff on the basis of her disability, refused to honor their obligation to accommodate the same, and then terminated Plaintiff's employment.

51.     Plaintiff requests that she be awarded all available relief including, but not limited to, (i) a declaratory judgment that the acts and practices of the Defendants complained of herein are in violations of the laws of the United States; (ii) injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, and reinstatement or front pay in lieu thereof; (iii) actual, compensatory and punitive damages; (iv) attorney's fees, expenses, interest, and costs; and (v) all other and further relief as to this Court appears necessary and proper, including but not limited to, equitable relief to compensate Plaintiff.

8

**EIGHTH CAUSE OF ACTION**
(Violations of the LEDL – Disability Discrimination/Failure to Accommodate)

52.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

53.     Plaintiff's medical conditions constituted a disability within the meaning of the LEDL.

54.     Plaintiff was able to perform the essential functions of her position with or without a reasonable accommodation.

55.     Defendants refused to permit Plaintiff to perform the essential functions of her positions and specifically refused to provide an accommodation.

56.     Defendants discriminated against Plaintiff on the basis of her disability, refused to honor their obligation to accommodate the same, and then terminated Plaintiff's employment.

57.     Plaintiff requests that she be awarded all available relief including, but not limited to, (i) a declaratory judgment that the acts and practices of Defendants complained of herein are in violation of the laws of the state of Louisiana; (ii) injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, and reinstatement or front pay in lieu thereof; (iii) actual, compensatory and punitive damages; (iv) attorney's fees, expenses, interest, and costs; and (v) all other and further relief as to this Court appears necessary and proper, including but not limited to, equitable relief to compensate Plaintiff.

**NINTH CAUSE OF ACTION**
**(Retaliation – ADA)**

58.     Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth.

9

59.     Plaintiff complained about the treatment she was receiving and the failure of Defendants to accommodate her disability.

60.     Plaintiff has been retaliated against in response to her participation in proceedings under the ADA as well as to her opposition of Defendants' practices, which violate the ADA.

61.     Defendants engaged in conduct materially adverse to a reasonable employee and took adverse and tangible employment actions against Plaintiff as heretofore alleged.

62.     Plaintiff requests that she be awarded all available relief including, but not limited to, (i) a declaratory judgment that the acts and practices of the Defendants complained of herein are in violations of the laws of the United States; (ii) injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, and reinstatement or front pay in lieu thereof; (iii) actual, compensatory and punitive damages; (iv) attorney's fees, expenses, interest, and costs; and (v) all other and further relief as to this Court appears necessary and proper, including but not limited to, equitable relief to compensate Plaintiff.

### TENTH CAUSE OF ACTION
#### (Retaliation – LEDL)

63.     Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth.

64.     Plaintiff complained about the treatment she was receiving and the failure of Defendants to accommodate his disability.

65.     Plaintiff has been retaliated against in response to her participation in proceedings under the LEDL as well as to her opposition of Defendants' practices, which violate the LEDL.

66.     Defendants engaged in conduct materially adverse to a reasonable employee and took adverse and tangible employment actions against Plaintiff as heretofore alleged

10

67.      Plaintiff requests that he be awarded all available relief including, but not limited to, (i) a declaratory judgment that the acts and practices of Defendants complained of herein are in violations of the laws of the state of Louisiana; (ii) injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, and reinstatement or front pay in lieu thereof; (iii) actual, compensatory and punitive damages; (iv) attorney's fees, expenses, interest, and costs; and (v) all other and further relief as to this Court appears necessary and proper, including but not limited to, equitable relief to compensate Plaintiff.

### DEMAND FOR JURY

68.      Plaintiff hereby demands a trial by jury for all issues in this case.

### PRAYER FOR RELIEF

WHEREFORE, having set forth her Complaint, Plaintiff respectfully requests that she be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices of the Defendants complained of herein are in violations of the laws of the United States and Louisiana, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination and retaliation complained of herein, reinstatement or front pay in lieu thereof, compensatory and punitive damages, liquidated damages, pre-judgment and post-judgment interest, attorneys fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

**(Signature line on next page)**

11

Dated:  August 31, 2017                    Respectfully Submitted:

                                           **WILLIAMS LITIGATION, L.L.C.**

                                           By:  s/Christopher L. Williams
                                           Christopher L. Williams
                                           La. Bar Roll No. 32269
                                           639 Loyola Ave., Suite 1850
                                           New Orleans, LA 70113
                                           Telephone: 504.308.1438
                                           Fax: 504.308.1446
                                           chris@williamslitigation.com

                                           ***Attorney for Plaintiff***

12